JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

OWEN P. MARTIKAN (177104)
Assistant United States Attorney

    450 Golden Gate Ave., Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    E-mail: owen.martikan@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR No. 10-0261 JSW |
| Plaintiff, ) | STIPULATION AND [PROPOSED] INTERIM PROTECTIVE ORDER RE: WITNESS INTERVIEWS |
| v. ) | |
| JONATHAN HILL, ) | |
| Defendant. ) | |

    Plaintiff, United States of America, by and through JOSEPH P. RUSSONIELLO, United States Attorney for the Northern District of California, and OWEN P. MARTIKAN, Assistant United States Attorney for the Northern District of California, and the defendant, JONATHAN HILL, and his attorney DOUGLAS J. HORNGRAD, hereby stipulate and agree as follows:

    WHEREAS the defendant is charged in a four count Indictment charging violations of Title 18, United States Code, sections 2251(a), 2252(a)(2), and 2252(a)(4)(B). In connection with this Indictment, the United States is in possession of audio and video recordings of interviews of potential witnesses and of two alleged minor victims.

WHEREAS pursuant to Title 18, United States Code, section 3509(d), an Attorney for the Government is required to take measures to maintain the confidentiality of documents and other materials that disclose the identity of a child victim or witness, including the preparation of a proposed protective order that may "provide for any other measures that may be necessary to protect the privacy of the child" victim or witness.  18 U.S.C. § 3509(d)(3).

WHEREAS other recorded adult witness statements in this case disclose matters of a private and personal nature such as a child's medical conditions, witnesses' sexual practices, and various family matters.

WHEREAS in order to comply with Title 18, United States Code, section 3509(d), and to allow the defendant the greatest opportunity to prepare an effective defense in preparation for trial in this matter, the United States and defendant agree that disclosure of the recorded interviews covered hereunder are subject to the following restrictions:

IT IS HEREBY STIPULATED AND AGREED:

1. The provisions of this Interim Protective Order apply to all video or audio recordings of interviews involving child victims or witnesses ("recorded child interviews"), and to all audio recordings of witness interviews conducted by government agents in this case ("recorded witness interviews).

2. The following individuals (the "defense team") may obtain and examine recorded child interviews and recorded witness interviews under the conditions set forth herein for the sole purpose of preparing the defense and for no other purpose:

 a. Counsel for defendant;

 b. Persons employed by defense counsel who are assisting with the preparation of the defense;

 c. Defendant, but only in the presence of his/her attorney;

 d. Any expert retained on behalf of the defendant to assist in the defense of this matter;

 e. Any investigator retained on behalf of defendants to assist in the defense of this matter.

3. With respect to recorded child interviews, the United States shall allow the defense team to watch the child interviews in a private room at the offices of the United States Attorney, 450 Golden Gate Avenue, San Francisco, CA, 94102, or any other location agreed upon by the parties (the "examination room"). The defense team will have access to the examination room during business hours, or on any other practicable terms that can be agreed upon by the parties, and will be escorted to and from the room by counsel for the United States or a person designated on his/her behalf. While the defense team is reviewing the defense hard drive, no agents of the United States will be permitted inside the examination room, except in the event of a building emergency that requires immediate access to the examination room.

4. The examination room will have land-line phone access and a computer workstation that meets the minimum system requirements for the defense team to view the recorded child interviews. The defense team agrees not to copy or record the recorded child interviews, or any portion thereof. This prohibition includes (1) printing images from videos onto paper and (2) duplicating still images, videos, and audio in any digital or analog format; (3) carrying images, videos, and audio off-site from the examination room; and (4) sending images, videos, and audio off-site electronically. The defense team also agrees not to transcribe verbatim the recorded child interviews. The defense team further agrees that information contained in the recorded child interviews will be covered by the restrictions applicable to the defense team's use of recorded witness interviews, which are set forth below.

5. With respect to the recorded witness interviews, the United States will produce copies of the interviews to the defense team on CD-ROM or DVD-ROM, as appropriate. The copies will include audio redactions removing the identities of any minors, removing the addresses, telephone numbers, and other contact information for households at which minor victims or witnesses reside, removing mention of medical conditions of minor victims or witnesses, and removing specific contact information for civilian witnesses. The parties agree to these redactions only for the purpose of achieving discovery in this case, and do not concede that these redactions are necessary or appropriate if this case proceeds to trial.

1  6. The defense team agrees that copies of the recorded witness interviews will only be used for purposes of conducting this litigation, that copies of the recorded witness interviews will not be made public, or be made part of any public filing, either in whole or in part, without first seeking an order from the Court regarding the intended disclosure, and that at the conclusion of this case, the defense team will destroy or return to an attorney for the government all copies of the recorded witness interviews. By agreeing to these restrictions, the defense team does not make any concessions regarding the use of the recorded witness interviews at trial.

7. Any disputes concerning this Stipulation and Interim Protective Order shall be resolved by this Court only after counsel for the United States and defendant have first conferred and attempted to resolve the dispute.

SO STIPULATED:

JOSEPH P. RUSSONIELLO
United States Attorney

/s/

DATED: July 22, 2010

OWEN P. MARTIKAN
Assistant United States Attorney

/s/

DATED: July 21, 2010

DOUGLAS J. HORNGRAD
Attorney for Jonathan Hill

/s/

DATED: August 5, 2010

JONATHAN HILL

SO ORDERED.

DATED: August 6, 2010

HONORABLE JEFFREY S. WHITE
United States District Court Judge

STIP & [PROPOSED] PROT. ORDER RE: WITNESS INTERVIEWS
CR No. 10-0261 JSW                                                                 4