1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
   MIRANDA KANE (CABN 150630)
3  Chief, Criminal Division

4  OWEN P. MARTIKAN (CABN 177104)
   Assistant United States Attorneys
5
      450 Golden Gate Avenue, Box 36055
6     San Francisco, California 94102
      Telephone: (415) 436-7241
7     Facsimile: (415) 436-7234
      owen.martikan@usdoj.gov
8
   Attorneys for Plaintiff
9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                 SAN FRANCISCO DIVISION

13

14 | UNITED STATES OF AMERICA, | ) | CR 10-0261 JSW |

| | ) | |
| Plaintiff, | ) | **THE UNITED STATES' SENTENCING** |
| | ) | **MEMORANDUM** |
| v. | ) | |
| JONATHAN HILL, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |


## INTRODUCTION

This case comes before the Court for defendant Jonathan Hill to be sentenced on his

guilty plea to one count of production of child pornography, in violation of 18 U.S.C. § 2251(a).

Hill pleaded guilty pursuant to a plea agreement, in which the parties agreed on an offense level

of 35 and a Criminal History Category of I, and recommended a sentence of 180 months in

custody followed by a 10-year term of supervised release, and restitution in the total amount of

$20,000, payable in equal shares to the two minor victims of Hill's conduct.  The Probation

Department recommends the same sentence.

The United States asks the Court to adopt the parties' plea agreement, and the Probation Office's recommendation, as the sentence in this case.

## FACTUAL BACKGROUND

Jonathan Hill came to the attention of Marin County Sheriff's deputies when a man called to complain that someone – who turned out to be Hill – had exposed himself to the man's young daughter. Deputies encountered Hill driving away from the scene, and the girl identified him as the man who had exposed himself to her. One deputy searched Hill's mobile phone during his arrest, and found pictures of Hill exposing himself to a young girl, and masturbating next to her. Sheriff's deputies obtained a search warrant for Hill's home, where they found a large collection of child pornography. Among a collection of CDs and DVDs containing child pornography, deputies found one DVD containing videos of another young girl. At one point the camera zooms in on the girl's vagina; she is not wearing underwear. During another video, Hill masturbates behind the girl while she watches television. Also found in Hill's room were a shotgun, and a bag containing duct tape, bandages, large zip ties, towels, a lint roller, plastic tarps, condoms, lubricant, disinfectant wipes, and painters' booties and coveralls, which deputies described as a rape and abduction kit.

Sheriff's deputies identified the two victims in Hill's videos, and interviewed them and their parents. They determined that the videos found on the DVD were taken about five years before Hill's arrest, while the video on Hill's mobile phone had been taken recently. A federal grand jury indicted Hill on two counts of production of child pornography, in violation of 18 U.S.C. § 2251(a), one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Hill pleaded guilty to Count One of the indictment on March 15, 2011.

Hill has been in custody since his arrest, and faces state charges in Marin County based on the conduct that led to his arrest.

**ARGUMENT AND AUTHORITIES**

**I.    CALCULATION OF THE SENTENCING GUIDELINES RANGE.**

The parties and Probation agree on the applicable guidelines range, which is based on an offense level of 35 and a Criminal History Category of I.  This calculation yields a sentencing guidelines range of 168 to 210 months.  The proposed custody sentence of 180 months, which is the mandatory minimum sentence for the offense of conviction, lies at the middle of the guidelines range.  The United States respectfully requests that the Court adopt the recommended calculation of the sentencing guidelines range.

**II.   APPLICATION OF THE SECTION 3553(a) SENTENCING FACTORS.**

The sentencing factors set forth at 18 U.S.C. § 3553(a) support a 180-month sentence in this case.  Hill has committed a serious crime that justifies a serious sentence.  He has directly victimized two young girls, and has amassed a child pornography collection that indirectly victimized many other children.  The mobile phone video and the conduct that led to Hill's arrest raise the possibility that his conduct was escalating in intensity.  It is beyond dispute that he posed a danger to the community, and that he pursued his interest in exposing himself to young girls without regard for his effect on his victims.

Two factors weigh in Hill's favor.  First, by pleading guilty, Hill made it unnecessary for the two child victims to testify at trial.  Both were upset by their interviews with police, and to be questioned about Hill's conduct at trial would only traumatize them further.  Second, there is no evidence that Hill ever touched either of his victims, or any other child.  Hopefully, the significant sentence that Hill will serve as punishment for this crime will deter him from preying on young girls, or from collecting child pornography.

Imposing a fifteen-year prison sentence in this case will serve several significant sentencing purposes.  It will protect the community from Hill for a very long time.  It will send a deterrent message to others who might imitate Hill's behavior.  And it will promote respect for the law by Hill and others.  At the same time, the sentence reflects Hill's lack of a prior criminal history, and the opportunity, during a lengthy term of supervised release, for him to attempt to re-enter the community in a positive way.  Hill appears to have strong support from his father, and if

his father outlives Hill's prison term, he will hopefully provide Hill some guidance and direction.

## CONCLUSION

The United States respectfully requests that the Court adopt the parties' and Probation's recommended sentence as the judgment of the Court in this case.


DATED: May 26, 2011                    Respectfully submitted,

                                       MELINDA HAAG
                                       United States Attorney

                                           /s/
                                       _____
                                       OWEN P. MARTIKAN
                                       Assistant United States Attorney